UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TERESA COLEGROVE,


                              Plaintiff,

                                                          DECISION AND ORDER

                                                          98-CV-6559L

             v.

JOANNE B. BARNHART,
Commissioner of Social Security,


                              Defendant.
_____


       Currently pending with the Court are two motions for an order awarding attorneys fees filed

by plaintiff, a prevailing party in this action for Social Security benefits.

       On January 16, 2006, plaintiff moved for an order awarding fees pursuant to the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. #30).  Plaintiff's attorney, Mark M.

McDonald ("McDonald"), seeks EAJA fees in the amount of $14,049.94, plus $150.00 in costs,

based on a total of 95.5 hours of attorney time and 3.25 hours of paralegal time.

       On May 31, 2006, plaintiff also moved for an order awarding attorney's fees pursuant to 42

U.S.C. § 406(b)(1).  (Dkt. #35).  McDonald seeks fees in the amount of $15,841.75 on the basis of

a contingent-fee agreement between plaintiff and McDonald that states that, in the event benefits are

awarded, McDonald is entitled to a fee equal to 25% of the total award.  As part of this application,

McDonald seeks an order directing that, should the Court also award EAJA fees, the lesser of the two awards be returned to plaintiff.

The Commissioner does not oppose plaintiff's motion for § 406(b) fees and agrees that McDonald is entitled to 25% of plaintiff's past due benefits pursuant to their agreement.

The Commissioner also does not dispute plaintiff's contention that the Government's position taken in this litigation was not substantially justified, and that plaintiff is entitled to some award of fees pursuant to the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A) ("... a court shall award to a prevailing party other than the United States fees and other expenses, ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). The Commissioner does argue, however, that the EAJA fees should be reduced and claims that, in a number of respects, plaintiff's fee request is excessive. (Dkt. #33).

Turning first to the plaintiff's application for fees pursuant to § 406(b), I find that the contingency-fee agreement between plaintiff and McDonald and the amount of the requested fee under that agreement are reasonable here. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005). Plaintiff was awarded in excess of $60,000.00 for thirteen years of past-due benefits that date back to November 1993.[1] Pursuant to the agreement between plaintiff and McDonald (Dkt. #35, Ex. B), McDonald is entitled to $15,841.75 in attorney's fees, an amount equal to twenty-five percent of the total award for past-due

---

[1] Pursuant to an Order of this Court, plaintiff began receiving interim benefits in 1999, thereby reducing the actual amount of past-due benefits that the Commissioner still owed plaintiff when the Court entered judgment in her favor. At that time, plaintiff received the remainder of her past-due benefits, approximately $29,159.25. (*See* Commissioner's Notice of Award, Dkt. #35, Ex.A).

benefits. The Commissioner has withheld this amount from plaintiff's past-due benefits, and plaintiff has filed an affidavit consenting to the fee. (Dkt. #35, Exs. A, C).

Plaintiff's motion for attorneys fees under the EAJA is granted, in part. The EAJA "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." *Gisbrecht*, 535 U.S. at 796. Under the EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Unlike fees awarded pursuant to § 406(b), which are based on a percentage of benefits awarded, EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute at $125 per hour. *See id.*, 535 U.S. at 796; 28 U.S.C. § 2412(d)(2)(A).

In this Circuit, "[t]he lodestar approach governs the initial estimate of reasonable fees." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir.1992). Under this approach, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Grant*, 973 F.2d at 99. The Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both. *Hensley*, 461 U.S. at 433; *Alnutt v. Cleary*, 27 F.Supp.2d 395, 399 (W.D.N.Y.1998).

The parties agree on the specific hourly rates that McDonald can bill for each of the nine years this case was litigated. Those rates, which are based on the statutory rate, adjusted for the increase in the cost of living, are reasonable.[2] *See* 28 U.S.C. § 2412(d)(2)(A) ("attorney fees shall

---

[2] Adjusted for the cost of living increase since Congress amended the EAJA in 1996 to
(continued...)

not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.")

The Court also has broad discretion to determine the amount of time reasonably expended. *Aston v. Secretary of Health and Human Serv.*, 808 F.2d 9, 11 (2d Cir.1986). Generally, district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time. *See, e.g., Cruz v. Apfel*, 48 F.Supp.2d 226, 230 (E.D.N.Y.1999); *Grey v. Chater*, No. 95 Civ. 8847, 1997 WL 12806, *1 (S.D.N.Y. Jan. 14, 1997). Where the facts of a specific case warrant it, courts do not hesitate to award fees in excess of the routine twenty to forty hours. *See Hinton v. Sullivan*, No. 84 Civ. 9276, 1991 WL 123960, at *5 (S.D.N.Y. July 2, 1991) (awarding attorney's fees based on 158.55 hours on the merits and 31.55 hours on the EAJA application); *see also Aston*, 808 F.2d at 12 (affirming the district court's fee award based on 200 hours); *McClain v. Barnhart*, 186 F.Supp.2d 435 (S.D.N.Y.2002) (awarding $11,592.60 in fees); *Garcia v. Bowen*, 702 F.Supp. 409, 411 (S.D.N.Y.1988) (awarding attorney's fees based on 156.2 hours).

Here, considering the size of the administrative transcript (over 1,100 pages), the complicated procedural history of this case, and the substantive issues involved, I find that the hours expended by McDonald are, for the most part, reasonable. McDonald billed 95.5 hours of attorney time and 3.25 hours of paralegal time. I have considered the objections raised by the Commissioner regarding the total number of hours McDonald billed. The Commissioner requests that certain hours be

---

[2](...continued)
allow compensation at the rate of $125.00 per hour, the hourly fee sought by McDonald for each year is as follows: $130.87 for 1998; $133.73 for 1999; $138.25 for 2000; $142.15 for 2001; $144.41 for 2002; $147.69 for 2003; $151.64 for 2004; $156.79 for 2005; and 156.79 for 2006.

reduced, including those billed for travel time, those billed for "indexing" the transcript, and a number of entries billed in quarter-hour time increments for tasks that seemingly would not take a full fifteen minutes (i.e., enclosure letters, receipt and review of simple Orders from the Court and letters for extensions of time). The Commissioner argues that a total fee award of $11,103.99 is appropriate under the EAJA. (Dkt. #33, p.10).

Without ruling on the specific arguments raised by the Commissioner, I agree that there should be a modest reduction here. The Court is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. *See Aston*, 808 at 11; *see also New York Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir.1983). Instead, the Court has discretion simply to apply a reasonable percentage reduction "as a practical means of trimming fat from a fee application." *See Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir.1998) (quoting *New York Ass'n for Retarded Children*, 711 F.2d at 1146).

I conclude that a reduction of approximately 5% in the total fee requested is appropriate, for an EAJA award of $13,347.44.

**CONCLUSION**

Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (Dkt. #35) in the amount of $15,841.75 is granted. The award is to be made payable to Mark M. McDonald, Esq., attorney for plaintiff.

Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Dkt. #30) in the amount of $13,347.44, plus costs in the amount of $150.00, for a total sum

of $13,497.44, is granted.  The award is to be made payable to Mark A. McDonald, Esq., attorney

for plaintiff.

McDonald is ordered to refund to the plaintiff the amount of  $13,497.44.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        June 23, 2006.